405 A.2d 922

**COMMONWEALTH of Pennsylvania**

v.

**James AUSTIN, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 1, 1979.

John S. Di Giorgio, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Div., Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

ROBERTS, Justice:

On May 20, 1977, a court sitting without jury found appellant, James Austin, guilty of murder of the third degree for killing his wife. After denying post verdict motions, the court sentenced appellant to a term of imprisonment of 6 to 20 years. Appellant's sole contention is that certain items of evidence introduced at trial should have been suppressed as illegally seized during a warrantless search. We affirm.

Early on December 10, 1976, appellant called the police and asked them to come to his house to take the body of his wife. The police began an investigation of the death. Sometime after 2:00 p. m., the police decided to send appellant and several other individuals they had questioned to the Police Administration Building for further interrogation. During the investigation at the house after appellant's departure, a neighbor gave one of the officers information leading him to visit another house on the street to talk to

---

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

two children, Richard and Adrienne Hughes, aged 9 and 8, who later testified at trial as eyewitnesses to the incident. The officer brought Richard back to appellant's home, where the boy pointed out an ashtray stand, two milk containers, a metal pot, a claw hammer and a woman's robe. The police, without a warrant, seized these items. Appellant's pretrial motion to suppress the items was denied. The ashtray stand, some of the other seized evidence and photographs of these items were introduced at trial.

We need not decide whether the police, acting without a warrant, illegally seized the evidence appellant sought to have suppressed. Richard and Adrienne Hughes testified that they saw appellant's wife die shortly after appellant struck her about the head with an ashtray stand and his fists. Medical testimony established the cause of death as multiple bruises about the head and neck from a blunt instrument. The ashtray stand did not bear fingerprints or blood and did not otherwise connect appellant to the killing. None of the seized items could have contributed to the court's verdict. We are therefore convinced that admission of the seized items, if error, was harmless beyond a reasonable doubt. *Commonwealth v. Story,* 476 Pa. 391, 383 A.2d 155 (1978).

Judgment of sentence affirmed.